UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIQUE ANGEL DAVIS, | No. 2:23-cv-2461 CKD P |
| Plaintiff, | |
| v. | ORDER |
| YOUNG, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), the request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff complains about the loss of personal property. Generally speaking, "an unauthorized intentional deprivation of property by a state employee" does not violate federal law as long as the applicable stare provides a postdeprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The California Legislature has provided a remedy for tort claims against public officials in California Government Code § 900, et seq.

Plaintiff also indicates that plaintiff has been subjected to verbal abuse amounting to cruel and unusual punishment in violation of the Eighth Amendment. However, verbal abuse rarely rises to the level of an Eighth Amendment violation. Kennan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).

More generally, if plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in an amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: January 2, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
davi2461.14